IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

RICHARD POLAK,
    Plaintiff,

v.

CITY OF OMAHA, a political subdivision
of the State of Nebraska, KERRY ISELIN, ROBERT
LANEY, CLINTON GORMLEY, John Does 1-100,
both individually and officially
as officers of the Omaha Police Department.
    Defendants.

CASE NUMBER: CI18-5714

COMPLAINT AND JURY DEMAND

Judge Pankonin

COMES NOW, Plaintiff, Richard Polak, and for his causes of action against Defendants, states and alleges as follows:

## JURISDICTION AND VENUE

1. That this is a neglect case under Nebraska State Law and a civil rights action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, in which Plaintiff seeks redress for violation of his civil rights, including the right to be free from Defendants' use of excessive force upon him, under color of any state law, statute, ordinance, regulation, custom or usage, of any right privilege or immunity secured by the Constitution of the United States, or by any act of Congress providing for equal rights of citizens, or of all persons within the jurisdiction of the United States.

2. That this court has personal jurisdiction over Defendants hereto in that each Defendant is a political subdivision of the State of Nebraska or is a resident of Nebraska and the Plaintiff is a resident of Omaha, Douglas County.

3. That venue is as each defendant resides in this judicial district or ties to this district and a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred in this judicial district.

## PARTIES

4. That Plaintiff is an individual and a resident of Omaha, Douglas County, Nebraska.

5. That Defendant City of Omaha is a political subdivision, organized and existing by the laws of the State of Nebraska, and that at all times material to the allegation contained herein, Defendant operated, funded, supported and maintained the Omaha Police Department within Omaha, Douglas County, Nebraska.

6. That Defendants: Kerry Iselin, Robert Laney, Clinton Gormley, and John Does 1-100 are officers of the Omaha Police Department and employees of Defendant, City of Omaha, and that at all times material to the allegations contained herein, the actions and omission of such Defendants alleged herein were taken or made in his individual capacity and in their official capacity as officers of the Omaha Police Department and under color of state law.

EXHIBIT 1

7. That Defendant City of Omaha is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, including but not limited to the Omaha Police Department and: Kerry Iselin, Robert Laney, Clinton Gormley, and John Does 1-100, and is responsible for the injuries occasioned thereby.

## EXHAUSTION OF REMEDIES

8. That pursuant to the Political Subdivisions Tort Claims Act, Neb.Rev.Stat. § 13-901 et seq., Plaintiff made claim upon Defendant City of Omaha for the acts and omissions which form the basis of the allegations.

9. That the Plaintiffs Tort Claim never responded to the plaintiff. The plaintiff withdraws this claim because the State has taken no action. As a result, the condition precedent to the filing of this lawsuit has been complied with by the Plaintiff

## FACTS

10. That on or about October 24, 2016 defendants: Kerry Iselin, Robert Laney and Clifton Gormley executed a search against the plaintiff. The defendants: Kerry Iselin, Robert Laney, Clinton Gormley, and John Does 1-100 physically removed the plaintiff from his home.

11. The Plaintiff attempted to surrender to the defendants: Kerry Iselin, Robert Laney, Clinton Gormley, and John Does 1-100. The Plaintiff turned around and raised his hands to surrender to the officers.

12. The Defendants: Kerry Iselin, Robert Laney, Clinton Gormley, and John Does 1-100 did not give the Plaintiff commands to surrender.

13. The Plaintiff was handcuffed and beaten by the defendants: Kerry Iselin, Robert Laney, Clinton Gormley, and John Does 1-100 without cause.

14. That as the direct and proximate result of the actions of Defendants: Kerry Iselin, Robert Laney, Clinton Gormley, and John Does 1-100 as outlined above, Plaintiff suffered numerous injuries and damages, including, but not limited to lower back, black eye, personal injuries, including pain and suffering, humiliation, anguish and emotional distress, and monetary costs.

15. That at no time did Plaintiff pose any threat to the Defendants: Kerry Iselin, Robert Laney, Clinton Gormley, and John Does 1-100, or anyone else. The Defendants: Kerry Iselin, Robert Laney, Clinton Gormley, and John Does 1-100 did not have a reasonable good faith belief that Plaintiff was a threat to their safety or the safety of anyone else present and that Defendants: Kerry Iselin, Robert Laney, Clinton Gormley, and John Does 1-100, did not have a reasonable good faith belief that there was any need to subdue and/or disable Plaintiff or to believe that the force used against Plaintiff was anything other than excessive. The Defendants also destroyed the personal property of the plaintiff.

16. That in beating the Plaintiff as outlined hereinabove, the Defendants: Kerry Iselin, Robert Laney, Clinton Gormley, and John Does 1-100, acted under color of law and within the scope of their employment and that, they, acted intentionally, maliciously and with willful intent.

17. That Further, Defendants: Kerry Iselin, Robert Laney, Clinton Gormley, and John Does 1-100, negligently and recklessly disregarded their duty to Plaintiff to protect him from the use of excessive force.

18. That Defendant, City of Omaha, is responsible for the proper training and supervision of individuals employed as police officers including Defendants: and that upon information and belief, Defendants: Kerry Iselin, Robert Laney, Clinton Gormley, and John Does 1-100 received training and supervision from Defendant, City of Omaha, which training, and supervision was inadequate and negligent.

19. That upon information and belief, Defendant, Kerry Iselin, Robert Laney, Clinton Gormley, and John Does 1-100 not reprimanded or disciplined by Defendant, City of Omaha, for any of his actions related to their actions alleged herein.

20. That upon information and belief, Defendant, City of Omaha, approved and ratified or acquiesced in the actions taken by Defendants, towards Kerry Iselin, Robert Laney, Clinton Gormley against Plaintiff as outlined hereinabove.

21. That each of Defendants knew or should have known that their conduct outlined hereinabove violated clearly established constitutional or statutory rights of which a reasonable person should have known.

22. That Defendants' actions outlined hereinabove were taken under color of state law.

FIRST CAUSE OF ACTION 42 U.S.C. § 1983 (Deprivation of Constitutional Rights)

23. That for his First Cause of Action, Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 of his Complaint as if fully set forth herein.

24. That Defendants, acting under color of law, intentionally, negligently, maliciously and with willful intent, without justification, disabled; when Plaintiff posed no threat to said Defendants' safety or anyone else's safety.

25. That by his conduct and action and by using excessive force, Defendants: Kerry Iselin, Robert Laney, Clinton Gormley, and John Does 1-100, acting under color of law and without lawful justification, intentionally, maliciously and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage to Plaintiff in violation of Plaintiff's constitutional rights under the Fourth Amendment.

26. That Defendants: Kerry Iselin, Robert Laney, Clinton Gormley, and John Does 1-100 used force in a manner that was disproportionate to the force necessary to arrest or question Plaintiff and that reasonable officers in the situation of Defendants: Kerry Iselin, Robert Laney, Clinton Gormley, and John Does 1-100 would have known, in light of clearly established law, that the use of force by Defendant: in this situation Kerry Iselin, Robert Laney, Clinton Gormley, and John Does 1-100 violated Plaintiff's Fourth Amendment rights.

27. That at all times material to the allegations contained herein, Defendant City of Omaha, acting through Defendants: Kerry Iselin, Robert Laney, Clinton Gormley, and John Does 1-100, had policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

28. That Defendant City of Omaha had in effect, both before and at the time of the events alleged in this Complaint, policies, practices, customs and procedures which operated to deprive Plaintiff of his Constitutional rights.

29. That Defendant City of Omaha is accountable under 42 U.S.C. § 1983 because it established or authorized or tolerated policies and practices that were intended to and did encourage, endorse and permit their agents and employees to violate the constitutional rights of Plaintiff and other similarly situated persons.

30. That the unconstitutional policies, practices, customs and procedures of Defendant City of Omaha include, but are not limited to:

    a. A policy, practice, custom or procedure of failing to properly train and supervise officers to avoid the inappropriate use of force;

    b. A policy, practice, custom or procedure of failing to train and supervise officers in the techniques of properly conducting investigations;

    c. A policy, practice, custom or procedure of failing to train and supervise officers as to their obligation to truthfully report occurrences rather than to falsify information to cover up misconduct;

    d. A policy, practice, custom or procedure of failing to discipline officers who violate the constitution or law or otherwise transgress the rights of criminal suspects during their investigations; and

    e. A policy, practice, custom or procedure of being deliberately indifferent to the violation by law enforcement officers of the rights of citizens.

31. That Defendant City of Omaha is responsible for the implementation and promulgation of official policies for the Omaha Police Department and that Defendant City of Omaha is responsible for the promulgation of policies and the implementation of training to maintain an effective police force that is capable and prepared to deal with interactions with the public.

32. That the actions of Defendants: Kerry Iselin, Robert Laney, Clinton Gormley, and John Does 1-100 were inappropriate for this specific situation due to inadequately trained and supervised officers and that if properly trained and supervised officers had been on the scene, excessive force would not have been used.

33. That Defendant City of Omaha acquiesced in, authorized, tolerated, affirmed or ratified the actions of Defendants, Kerry Iselin, Robert Laney, Clinton Gormley, and John Does 1-100.

34. That as a direct and proximate result of the above mentioned unconstitutional actions of Defendants, Plaintiff sustained physical injuries and damages, including but not limited to, mental and emotional distress, loss of personal and business reputation and esteem in the community, humiliation, and other losses, including economic losses.

SECOND CAUSE OF ACTION 42 U.S.C. § 1983 (Failure to Prevent Deprivation of Constitutional Rights)

35. That for his Second Cause of Action, Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34 of his Complaint as if fully set forth herein.

36. Defendants, John Does 1-100 and the City of Omaha each permitted the other to employ excessive force against Plaintiff and to otherwise violate Plaintiff's clearly established constitutional rights, failed to take reasonable and required steps to prevent the other from violating Plaintiff's constitutional rights although they had an official duty to do so.

37. That the unconstitutional, negligent, reckless and heedless actions of Defendants was the direct and proximate cause of injuries suffered by Plaintiff including those injuries and damages identified in paragraph 17, above.

38. That Defendants maliciously and/or deliberately failed to take any and/or all reasonable steps or necessary precautions required to avoid or prevent the constitutional violations set forth hereinabove, despite their clearly established legal and constitutional duty to do so.

39. That as a direct and proximate cause of the negligent, intentional or unconstitutional acts of Defendants, Plaintiff's constitutional rights were violated, and Plaintiff has suffered and will continue to suffer damages.

WHEREFORE, Plaintiff prays for the Court's entry of judgment against Defendants, and each of them, for his general damages and special damages in the amount as proven by the evidence at trial, punitive damages as may be proven at trial against such Defendants and for such claims as allowed by law, an award of Plaintiff's reasonable attorney's fees and costs of this action pursuant to applicable law, pre- and post-judgment interest at the statutory rate and any further or other relief the Court deems just and proper.

RICHARD POLAK, Plaintiff
BY: /s/ William R. Harris, #22996
WILLIAM R. HARRIS
BERRY LAW FIRM
222 S. 15TH Street, 405 N
Omaha, Nebraska 68117
402-466-8444
Attorney for Plaintiff