IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RICHARD POLAK,

          Plaintiff,

    vs.

CITY OF OMAHA, a political subdivision of
the State of Nebraska, KERRY ISELIN,
ROBERT LANEY, CLINTON GORMLEY,
JOHN DOES 1-100, both individually and
officially as officers of the Omaha Police
Department,

          Defendants.

8:18CV00358

BRIEF IN SUPPORT OF
DEFENDANT ROBERT LANEY'S
MOTION TO DISMISS

On October 6, 2016,[1] Plaintiff Richard J. Polak ("Plaintiff") was arrested at a residence in Omaha, Nebraska on criminal arrest warrants from the District Court of Douglas County, Nebraska. During Plaintiff's arrest, Federal Defendant Robert Laney ("Defendant Laney") was acting in his capacity as Special Deputy U.S. Marshal with the U.S. Marshals Omaha, Nebraska Metro Area Fugitive Task Force ("Metro FTF").

Plaintiff's Complaint contains two claims. In his first claim, Plaintiff alleges Defendant Laney and the other Defendants violated his rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983 by the use of excessive force. (Filing 1-1, pp. 3-4). In his second claim, Plaintiff alleges Defendant Laney and the other Defendants failed to take "reasonable and required steps to prevent the other" Defendants from using excessive force against Plaintiff. (Filing 1-1, pp. 4-5). Plaintiff brings this action against the City of Omaha, Federal

---

[1] Plaintiff's Complaint alleges he was arrested "on or about October 24, 2016". (Filing 1-1, ¶ 10). The Metro FTF did not arrest Plaintiff on October 24, 2016, but did arrest Plaintiff on October 6, 2018. (See Filing 14-1, Declaration of Chris White, Supervisory Deputy U.S. Marshal, ¶¶ 11-12).

Defendant Laney, Defendants Iselin and Gormley, and John Does 1-100 in their individual and official capacities.  (Filing 1-1).

Plaintiff's claims as to Defendant Laney should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because there is no waiver of sovereign immunity for constitutional claims against federal employees under 42 U.S.C. § 1983.  Plaintiff's claims against Defendant Laney in his official capacity should be dismissed for lack of jurisdiction because there is no waiver of sovereign immunity for official capacity claims seeking damages against individual federal employees.  Even if Plaintiff's complaint is liberally construed as a claim brought against Defendant Laney in his individual capacity pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("*Bivens")*, Plaintiff has failed to identify or allege any specific individual acts by Defendant Laney and the complaint should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  In the alternative, Defendant Laney is entitled to qualified immunity based on the allegations in the Complaint.

## STANDARDS OF REVIEW

A.      **Standard of Review under Fed. R. Civ. P. 12(b)(1).**

Suits are subject to dismissal when the court lacks subject matter jurisdiction to hear the matter.  Fed. R. Civ. P. 12(b)(1).  The party asserting jurisdiction bears the burden of proving that jurisdiction is proper.  Great Rivers Habitat Alliance v. FEMA, 615 F.3d 985, 988 (8th Cir. 2010).  The Court, however, has "wide discretion" to decide the process with which its jurisdiction can best be determined.  Johnson v. United States, 534 F.3d 958, 964 (8th Cir. 2008) (quoting Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995)).  It "has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint

2

supplemented by undisputed facts plus the court's resolution of disputed facts.'" Id. at 958 (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

A complaint can be challenged under Fed. R. Civ. P. 12(b)(1) either "on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Id. In a factual attack, the court can consider competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute. Id. In such a challenge, the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990).

**B.** **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).**

In considering a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations of the complaint to be true and determine whether the allegations contained within the complaint show that the plaintiff is entitled to relief. Bell Atlantic Corp v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). "Dismissal under Rule 12(b)(6) is appropriate if it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations." O'Neal v. State Farm Fire & Cas. Co., 630 F.3d 1075, 1077 (8th Cir. 2011). The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief. Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate. Benton v. Merrill Lynch & Co., Inc., 524 F.3d 866, 870 (8th Cir. 2008) (internal citations omitted).

## STATEMENT OF FACTS

The following facts are offered as not in dispute from Plaintiff's Complaint (Filing 1-1)[2]

and the documents filed with Defendant's Index of Evidentiary Materials (Filing 14) including the

Declaration of Chris White (Filing 14-1) (hereinafter, "Filing 14-1, White Decl).

     1.     The U.S. Marshals Service ("USMS") operates the Omaha Nebraska Metro Area

Fugitive Task Force ("Metro FTF") in the District of Nebraska, with the approval of the United

States Attorney, for the purpose of mutual federal-state-local cooperation and assistance in

executing federal, state, and local criminal fugitive arrest warrants in the District of Nebraska.

(Filing 14-1, White Decl. ¶¶ 1, 3).

     2.     The USMS Director can deputize state or local law enforcement officers to perform

the functions of a Deputy U.S. Marshal in a designated district.  The Special Deputy United States

Marshals act under the control and supervision of the USMS during Task Force Operations.

(Filing 14-1, White Decl. ¶ 3).

     3.     Defendant Laney is a Police Officer employed by the Omaha Police Department.

(Filing 1-1, ¶ 6; Filing 14-1, White Decl. ¶ 3).  He is deputized as a Special Deputy U.S. Marshal,

and his deputation was in effect on October 6, 2016.  (Filing 14-1, White Decl. ¶ 6, Attch. A).

     4.     On October 6, 2016, the U.S. Marshal for the District of Nebraska adopted two

criminal arrest warrants for Plaintiff from the County Court of Douglas County, Nebraska, in Case

Numbers CR 16-10848 and CR 16-4876 for the Metro FTF. (Filing 14-1, White Decl. ¶¶ 8-10,

Attch. B).

---

[2] Defendant Laney does not admit the truth of Plaintiff's allegations.  The facts as pled in the
Complaint are assumed as only asserted by Plaintiff for the purpose of this motion only.

5.       On October 6, 2016, Plaintiff was arrested by the Metro FTF on the criminal arrest warrants. (Filing 14-1, White Decl. ¶ 12).

6.       On October 6, 2016, Defendant Laney was working in his official capacity as Special Deputy U.S. Marshal for the Metro FTF, under the immediate supervision and control of the USMS Task Force managers and as part of the USMS Task Force operations, specifically to execute the arrest warrants for Plaintiff.  (Filing 14-1, White Decl. ¶ 13).

**ARGUMENT**

**I.       PLAINTIFF'S CLAIMS AGAINST DEFENDANT LANEY IN HIS OFFICIAL CAPACITY SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.**

A waiver of sovereign immunity cannot be implied, but rather must be construed strictly in favor of the government and not enlarged beyond the statutory language authorizing it. Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 (1983); United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992).  Sovereign immunity not only protects the United States from liability; it deprives the court of subject matter jurisdiction over the claims against it.  United States v. Mitchell, 445 U.S. 535, 538 (1980); United States v. Sherwood, 312 U.S. 584, 586-88 (1941).  "[S]overeign immunity is jurisdictional in nature."  Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed.2d 308 (1994) (citing United States v. Mitchell, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.")).

It is well established that, absent an express waiver, the doctrine of sovereign immunity bars a plaintiff's claim for money damages against the United States, its agencies, and its officers in their official capacities.  See, e.g., Meyer, 510 U.S. at 474; Sherwood, 312 U.S. at 586.  A suit brought against a governmental official in the officer's official capacity is considered a suit against

the United States.  Searcy v. Donelson, 204 F.3d 797, 798 (8th Cir. 2000); Buford v. Runyon, 160

F.3d 1199, 1203 (8th Cir. 1998); Ogden v. United States, Case 4:16-CV-3193, 2018 WL 895472

at *4 (D. Neb. Feb. 14, 2018); Brandon v. Holt, 469 U.S. 464, 471-73 (1985).  See also, Kentucky

v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v. New York City Dept. of Social Services,

436 U.S. 658, 690 n.55 (1978) ("Official-capacity suits . . . 'generally represent only another way

of pleading an action against an entity of which an officer is an agent'").

Even if the Complaint had brought a *Bivens* action against Officer Laney, *Bivens* authorizes

only suits for monetary damages against federal officials sued in their individual capacity; it does

not authorize suits against federal agencies or employees sued in their official capacities.  See

Meyer, 510 U.S. at 471; see also Chavez-Garcia v. Kopf, No. 4:06CV3114, 2006 WL 1401686, at

*2 (D. Neb. May 18, 2006) ("a *Bivens* action will not lie against a federal official in his or her

official capacity").  "It is well settled that a *Bivens* action cannot be prosecuted against the United

States and its agencies because of sovereign immunity." Buford v. Runyon, 160 F.3d 1199, 1203

(8th Cir. 1998) (holding that a *Bivens* claim against the Postmaster General in his official capacity

was a suit against the Postal Service, and thus, was barred because of sovereign immunity).

In this case, Plaintiff sued Defendant Laney in his official capacity and his individual

capacity.  However, Plaintiff's Complaint does not provide any basis for federal court jurisdiction

against Defendant Laney in his official capacity.  (Filing 1-1).  Because Plaintiff states no basis

for jurisdiction, Plaintiff's official capacity claims against Officer Laney should be dismissed for

lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## II.   PLAINTIFF'S CLAIMS AGAINST DEFENDANT LANEY IN HIS INDIVIDUAL CAPACITY SHOULD BE DISMISSED.

Plaintiff's claims Defendant Laney pursuant to 42 U.S.C. § 1983 (Filing 1-1, ¶¶ 3-4),

should be dismissed because the United States Supreme Court has held that the scope of § 1983

does not reach federal officials acting under color of federal law.  District of Columbia v. Carter, 409 U.S. 418, 424–25 (1973).  Defendant Laney is a Special Deputy U.S. Marshal, and was acting in this capacity as a federal officer on October 6, 2016, when Plaintiff was arrested on criminal arrest warrants.  (Filing 14-1, White Decl. ¶¶ 6, 13, Attch. B).

Section 1983 governs actions to recover against state actors acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia" for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws".  See 42 U.S.C. § 1983; Mendoza v. United States Immigration & Customs Enf't, 849 F.3d 408, 418 (8th Cir. 2017).  It is well settled that a federal actor cannot be held liable under Section 1983, as the statute is limited to the actions of state actors.  See Federer v. Gephardt, 363 F.3d 754, 758 (8th Cir. 2004) (citation omitted); Carlson v. Roetzel & Andress, 552 F.3d 648, 650 (8th Cir. 2008).  Because Defendant Laney was, at all times, acting in his capacity as a federal employee, Plaintiff's Section 1983 claims against Defendant Laney must fail.

Generally, Plaintiff bases his Section 1983 claims on his allegations that the officers used excessive force in his arrest.  According to Supervisory Deputy U.S. Marshal White, Plaintiff was arrested on October 6, 2016, by the Metro FTF, a joint task force led by the USMS for the District of Nebraska, (Filing 14-1, White Decl. ¶¶ 1, 12).  The Metro FTF promotes mutual federal-state-local cooperation and assistance in executing federal, state, and local criminal fugitive arrest warrants in Nebraska.  (Filing 14-1, White Decl. ¶ 1).  Defendant Laney was deputized by the USMS Director as a Special Deputy U.S. Marshal for the Omaha Metro FTF.  (Filing 14-1, White Decl. ¶ 6, Attch. A).  The USMS adopted a case for the Metro FTF, specifically criminal arrest warrants alleging felony and misdemeanor offenses for Plaintiff that were issued by the County Court of Douglas County, Nebraska. (Filing 14-1, White Decl. ¶¶ 8-10, Attch. B).  On October 6,

2016, Defendant Laney was working in his assigned duties as a Special Deputy U.S. Marshal, and as a member of the Metro FTF.  (Filing 14-1, White Decl. ¶ 13).  Defendant Laney was assisting USMS Deputies in the execution of the arrest warrants for Plaintiff, and he was under the immediate supervision and control of the USMS Task Force managers as part of the USMS Task Force operations.  (Filing 14-1, White Decl. ¶ 13).

Cross-deputized local law enforcement officers, such as Special Deputy U.S. Marshal Laney, are not subject to liability under Section 1983 because they act under color of federal law. See Harris v. Gadd, No. 4:06cv-01510-SWW, 2008 WL 176384, at *3 n.7 (E.D. Ark. Jan. 16, 2008) (dismissing Section 1983 claim because state police officers committed alleged constitutional deprivations while acting within the scope of their employment as federal agents); cf. U.S. v. Weiland, 420 F.3d 1062, 1070 (9th Cir. 2005) (state law enforcement officer's deputation as Special Deputy U.S. Marshal made him a "federal law enforcement officer" for purposes of seeking federal search warrant); Petty v. United States, 80 F. App'x 986, 989 (6th Cir. 2003) (noting that cross-deputized local employees are considered federal employees for purposes of the Federal Tort Claims Act).  Any Section 1983 claim against Defendant Laney is thus barred because he was a federal actor at the time Plaintiff was arrested in October 2016.

Furthermore, Plaintiff not pled a federal cause of action alleging his constitutional claims against Defendant Laney under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("*Bivens*").   "A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights."  Buford v. Runyon, 160 F.3d at 1203. Even if Plaintiff had pled a *Bivens* claim, the Eighth Circuit has noted that "[t]here is a presumption against judicial recognition of direct actions for violations of the Constitution by federal officials

8

or employees". Nebraska Beef, Ltd. v. Greening, 398 F.3d 1080, 1084 (8th Cir. 2005) (internal quotation marks and citations omitted).

Plaintiff's Complaint alleging a constitutional claim against Defendant Laney, in his individual capacity, must be dismissed because Section 1983 does not authorize claims against federal officers and Plaintiff has not pled a *Bivens* claim.

## III.    PLAINTIFF'S COMPLAINT FAILS TO STATE A CAUSE OF ACTION AGAINST OFFICER LANEY.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).

A complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. Carter v. Huterson, 831 F.3d 1104, 1107 (8th Cir. 2016), cert. denied, 138 S. Ct. 56 (2017), see also Parker v. United States of America, et al., No. 8:18CV123, Filing 41, pp. 2-3 (D. Neb. June 19, 2018). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). The allegations of the complaint must "contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

In order to withstand a motion to dismiss for failure to state a claim, the complaint must, at the very least, "contain facts which state a claim as a matter of law and must not be conclusory." Frey v. City of Herculaneum, 44 F.3d 667 (8th Cir. 1995). The Supreme Court has stated that a plaintiff's allegations must cross "the line between the conclusory and the factual." Bell Atlantic Corp., 550 U.S. at 557 n. 5. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atlantic Corp., 550 U.S. at 555. The complaint must contain sufficient factual allegations to "raise a right to relief above the speculative level" and to "raise a reasonable expectation that discovery will reveal evidence of" illegal activity. Bell Atlantic Corp., 550 U.S. at 556.

Where government actors are sued in their individual capacities, it is particularly important, under notice pleading rule, that the complaint make clear exactly who is alleged to have done what to whom to provide each individual defendant with fair notice as to the basis of the claims against him, as distinguished from collective allegations against the state. Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008). A complaint that uses the collective term "defendants" or that does not distinguish what acts are attributable to which defendant, "it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." Robbins, 519 F.3d at 1250. See also Atuahene v. City of Hartford, 10 Fed. Appx. 33, 34 (2d Cir. May 31, 2001); Medina v. Bauer, 2004 WL 136636, *6 (S.D.N.Y. Jan. 27, 2004); Lane v. Capital Acquisitions and Mgmt. Co., 2006 WL 4590705, *5 (S.D. Fla. Apr. 14, 2006).

According to the first cause of action in the Complaint, Plaintiff alleges that the individual Defendants, including Defendants Laney, Iselin, Gormley and John Does 1-100, used excessive force that caused injury and damage to Plaintiff in violation of his constitutional rights under the Fourth Amendment. (Filing 1-1, ¶¶ 24-26). Plaintiff generally alleges all of the individual Defendants used excessive force in arresting Plaintiff through the following acts or omissions:

1. Defendants physically removed the Plaintiff from his home (Filing 1-1, ¶ 10);
2. Defendants did not give Plaintiff commands to surrender (Filing 1-1, ¶ 12);
3. Plaintiff was handcuffed and beaten by Defendants without cause (Filing 1-1, ¶ 13);
4. Defendants did not have a reasonable good faith belief that Plaintiff posed a threat to their safety, so there was a need to subdue Plaintiff (Filing 1-1, ¶ 15); and
5. Defendants destroyed Plaintiff's personal property (Filing 1-1, ¶ 15).

10

In Count 2 of his Complaint, Plaintiff alleges that all Defendants, including the City of Omaha "permitted the other to employ excessive force against Plaintiff and to otherwise violate Plaintiff's clearly established constitutional rights, failed to take reasonable and required steps to prevent the other from violating Plaintiff's constitutional rights although they had an official duty to do so." (Filing 1-1, ¶¶ 36-38).

Plaintiff's general claims against all Defendants are inadequate because they do not identify the individual actions that each Defendant took, or failed to take, that is the basis of his constitutional claim. "Because vicarious liability is inapplicable to *Bivens* and Section 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. "Liability under [Section] 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). There are no specific facts in the Complaint to support the allegation that Defendant Laney had not taken reasonable steps in the arrest of Plaintiff. Further, the Complaint fails to state that Defendant Laney was in a position, or had the ability, to be able to control other officers. Plaintiff fails to identify any specific omissions by Defendant Laney, how those omissions caused the alleged injuries, and whether any such omissions were reasonable in the circumstances.

As such, Plaintiff's Complaint has failed to state a claim against Defendant Laney, and his allegations of excessive force or a failure to protect from excessive force should be dismissed.

IV. **FEDERAL DEFENDANT LANEY IS ENTITLED TO QUALIFIED IMMUNITY ON THE PLEADINGS.**

Even if the Court does not dismiss the constitutional claims against Defendant Laney in Plaintiff's Complaint because Section 1983 claims are barred against him as a federal officer, or

11

the Complaint fails to meet the pleading requirements, then Defendant Laney is entitled to qualified immunity from such claims based on the allegations pled in the Complaint. As the Supreme Court has recently reemphasized, courts must grant qualified immunity to police officers "unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." District of Columbia v. Wesby, 138 S. Ct. 577, 589 (2018) (internal quotations omitted). Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." Kisela v. Hughes, 138 S. Ct. 1148, 1152 (2018) (internal quotation marks and citation omitted). Based on the Complaint, Defendant Laney is entitled to qualified immunity because he did not act incompetently nor knowingly violate the law.

Government officials are generally immune from civil liability so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also Akins v. Epperly, 588 F.3d 1178, 1183 (8th Cir. 2009)). The need for such immunity arises because personal liability lawsuits against government officials exact "substantial social costs," Anderson v. Creighton, 483 U.S. 635, 638 (1987), including "the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office." Harlow, 457 U.S. at 814.

Qualified immunity, therefore, is intended to minimize these significant costs by creating "ample room for mistaken judgments" and shielding "all but the plainly incompetent or those who knowingly violate the law." Hunter v. Bryant, 502 U.S. 224, 229 (1991) (per curiam) (quoting Malley v. Briggs, 475 U.S. 335, 343 (1986)); see also Habiger v. City of Fargo, 80 F.3d 289, 295 (8th Cir. 1996); Borgman v. Kedley, 646 F.3d 518, 522 (8th Cir. 2011). The Supreme Court has stated that qualified immunity "gives government officials breathing room to make reasonable but

mistaken judgments about open legal questions." Ashcroft v. al-Kidd, 536 U.S. 731, 131 S. Ct. 2074, 2085, 179 L. Ed.2d 1149 (2011).  Because it is "an immunity from suit rather than a mere defense to liability," the Supreme Court "repeatedly ha[s] stressed" that qualified immunity should be raised and resolved "at the earliest possible stage in litigation." Pearson v. Callahan, 555 U.S. 223, 232 (2009) (internal quotations and citations omitted).

Evaluating a claim of qualified immunity requires a "two-step inquiry: (1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct." Mitchell v. Shearrer, 729 F.3d 1070, 1074 (8th Cir. 2013) (citations omitted).  A court may exercise discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first. See Pearson, 555 U.S. at 236.

Plaintiff's Complaint fails to state any specific violation of a constitutional right by Defendant Laney.  An Officer's excessive use of force violates the Fourth Amendment if "objectively unreasonable." Tatum v. Robinson, 858 F.3d. 544, 547 (8th Cir. 2017) (citing Graham v. Connor, 490 U.S. 386, 397 (1989)).  No actions described in the Complaint were "objectively unreasonable" and Defendant Laney should not have to introduce evidence as Plaintiff's Complaint is insufficient to state a constitutional claim.

Whether an officer has used excessive force "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham v. Connor, 490 U.S. 386, 396 (1989).  "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id.  Here,

13

Plaintiff has made no *specific* allegation that Defendant Laney individually used any force against Plaintiff in the Complaint.  Plaintiff alleges he "turned around and raised his hands to surrender to the officers", but he was "handcuffed and beaten" by the individual Defendants. (Filing 1-1, ¶¶ 11, 13).   Plaintiff failed to state how the act of handcuffing Plaintiff was unreasonable in the circumstances.  With regards to Plaintiff's general claim he was "handcuffed and beaten" by all of the individual Defendants (including three named Defendants and 100 John Doe Defendants), Plaintiff does not identify any specific actions taken by Defendant Laney in the arrest, nor does Plaintiff identify how any actions by Defendant Laney were unreasonable in the circumstances. Further, Plaintiff generally claims that he was injured with a reference to his lower back and a "black eye", but he fails to identify any act by Officer Laney that could have caused these injuries. (Filing 1-1, ¶ 14).   Finally, Plaintiff alleges Defendants "destroyed" his personal property, but Plaintiff does not even identify the specific property, what actions Officer Laney is alleged to have taken towards the property, and why any action would be unreasonable in the circumstances of Plaintiff's arrest.

Plaintiff's Complaint does not show that Defendant Laney violated clearly established statutory or constitutional rights of which a reasonable person would have known.  Many of the allegations raised in the Complaint are bare assertions that are conclusory, and therefore they are not entitled to a presumption of truth.  Further, the facts that are set forth in the Complaint do not identify with specificity any acts by Defendant Laney that suggest an entitlement to relief.  The Complaint lacks facts that show Defendant Laney acted incompetently or knowingly violated the law.  Without such showing, Defendant Laney cannot be held liable under the Fourth Amendment for excessive force, and he is entitled to qualified immunity from all of Plaintiff's excessive force claims.

Defendant Laney reserves the right to assert a qualified immunity as an affirmative defense. Should Plaintiff be allowed to proceed with a *Bivens* claim against Defendant Laney, despite his failure to raise this claim in his Complaint, and should the Court determine that additional evidence is needed to evaluate qualified immunity, Defendant Laney reserves the right to introduce evidence and fully argue through a summary judgment motion the issue of qualified immunity.

## CONCLUSION

For the forgoing reasons, Defendant Laney respectfully requests that Plaintiff's Complaint be dismissed with prejudice for lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted.

ROBERT LANEY, Defendant

JOSEPH P. KELLY
United States Attorney
District of Nebraska


By:   s/ Lynnett M. Wagner
        LYNNETT M. WAGNER, #21606
        Assistant U.S. Attorney
        1620 Dodge Street, Suite 1400
        Omaha, NE  68102-1506
        Tel:  (402) 661-3700
        Fax:  (402) 661-3081
        Email:lynnett.m.wagner@usdoj.gov


CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants.  I also hereby certify that a copy of the same was served by regular mail, postage prepaid, to the following non-CM/ECF participants:  None.


s/ Lynnett M. Wagner
Assistant U.S. Attorney

15