IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD POLAK,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT LANEY,<br><br>    Defendant. | 8:18-CV-358<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Defendant's Motion for Summary Judgment, Filing 84. Plaintiff filed an Objection to Summary Judgment, Filing 93, in place of a responsive brief.[1] The motion is fully briefed and ready for review. For the reasons stated herein, Defendant's Motion for Summary Judgment will be granted, and Plaintiff's Objection will be overruled.

## I.  BACKGROUND

Defendant Robert Laney was a Special Duty United States Marshal; he worked with the Metro Area Fugitive Task Force (Metro FTF) since 2010 and had 21 years' experience as an officer in Omaha Police Department. Filing 85-1 at 1. The Metro FTF executed federal, state, and local criminal fugitive arrest warrants in Nebraska. Filing 14-1 at 1-2. The Metro FTF adopted two arrest warrants for Plaintiff Richard Polak for theft, flight to avoid arrest, and misdemeanor domestic assault. Filing 14-1 at 3.

On October 6, 2016, Laney took part in the execution of the arrest warrants for Polak. Filing 85-1 at 3. Officers located Polak in the detached garage of a residence with the garage door open. Filing 85-1 at 3, 4. Officers decided Laney would be the first officer to approach Polak.

---

[1] *See* NECivR 7.1(b)(1)(A):
  The party opposing a motion must not file an "answer," "opposition," "objection," or "response," or any similarly titled responsive filing. Rather, the party must file a brief that concisely states the reasons for opposing the motion and cites to supporting authority.

Filing 85-1 at 4, Filing 85-2 at 5. Laney approached up the driveway, identified himself as a police officer, and stated he had a warrant for Polak's arrest. Filing 85-1 at 4. Polak closed the garage door and refused multiple commands to open the door. Filing 85-1 at 4-5.

Once a K-9 unit was called for, Polak opened the garage door. Filing 85-1 at 5. As the garage door opened, Laney and another officer each grabbed one of Polak's hands. Filing 85-1 at 5. The officers placed Polak face down on the ground. Filing 85-1 at 5. Polak tucked his arms between his chest and the ground and continued to move his hips and legs. Filing 85-1 at 6. One officer held Polak's legs, and—after a brief struggle—Laney and another officer pulled Polak's arms out from beneath him and applied handcuffs. Filing 85-1 at 6, Filing 85-2 at 5-6. Laney left Polak on the ground and checked the garage for other people, weapons, and contraband. Filing 85-1 at 6, 7. Following the inspection of the garage, Laney and another officer rolled Polak onto his back and lifted him to his feet but did not lift Polak off the ground. Filing 85-1 at 7, Filing 85-2 at 6. Polak did not complain of any pain and did not appear to have difficulty walking to the police vehicle. Filing 85-1 at 7.

Laney is the only remaining defendant in the current litigation. All other defendants have been dismissed from the case. Laney has moved for summary judgment on the basis of qualified immunity, Filing 84.

## II. STANDARD OF REVIEW

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 884 (8th Cir. 2016) (citing Fed. R. Civ. P. 56(c). "[S]ummary judgment is not disfavored and is designed for every action." *Briscoe v. Cty. of St. Louis*, 690 F.3d 1004, 1011 n.2 (8th Cir. 2012)

(internal quotation marks omitted) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc)). In reviewing a motion for summary judgment, the Court will view "the record in the light most favorable to the nonmoving party . . . drawing all reasonable inferences in that party's favor." *Whitney v. Guys, Inc.*, 826 F.3d 1074, 1076 (8th Cir. 2016) (citing *Hitt v. Harsco Corp.*, 356 F.3d 920, 923–24 (8th Cir. 2004)). Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Se. Mo. Hosp. v. C.R. Bard, Inc.*, 642 F.3d 608, 618 (8th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). The moving party need not produce evidence showing "an absence of a genuine issue of material fact." *Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 517 (8th Cir. 2015) (citing *Celotex*, 477 U.S. at 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265). Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 596 (8th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325).

In response to the moving party's showing, the nonmoving party's burden is to produce "specific facts sufficient to raise a genuine issue for trial." *Haggenmiller v. ABM Parking Servs., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016) (quoting *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012)). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Wagner v. Gallup, Inc.*, 788 F.3d 877, 882 (8th Cir. 2015) (quoting *Torgerson*, 643 F.3d at 1042). "[T]here must be more than 'the mere existence of some alleged factual dispute'" between the parties in order to overcome summary judgment. *Dick v.*

*Dickinson State Univ.*, 826 F.3d 1054, 1061 (8th Cir. 2016) (quoting *Vacca v. Viacom Broad. of Mo., Inc.*, 875 F.2d 1337, 1339 (8th Cir. 1989)).

### III. ANALYSIS

#### A. DEFENDANT'S PROPERLY REFERENCED FACTS ARE ADMITTED

Nebraska Civil Rule 56.1(b)(1)[2] sets the requirements for a party opposing summary judgment and the admission of the movant's statement of facts if improper response is given. The facts provided above are those stated in Laney's Brief in Support, Filing 89, supported by pinpoint citations to admissible evidence in the record, in compliance with Nebraska Civil Rule 56.1 and Federal Rule of Civil Procedure 56. In his Brief in Opposition, Filing 94, Polak failed to follow Nebraska Civil Rule 56.1(b)(1), provided only one pinpoint citation to the record, and did not dispute facts as set forth by Laney. Therefore, all properly referenced material facts in Laney's Statement of Facts, Filing 89, are considered admitted by Polak. *See Ballard v. Heineman*, 548 F.3d 1132, 1133-1134 (8th Cir. 2008) (The plaintiff failed to respond to the defendants' statements of fact, and the district court deemed the defendants' facts admitted.)

#### B. LANEY IS ENTITLED TO QUALIFIED IMMUNITY

Summary judgment is appropriate because Laney is entitled to qualified immunity on Polak's claims. "Qualified immunity shields government actors from legal liability unless the actor's conduct violated 'clearly established statutory or constitutional right of which a reasonable person would have known." *Kohorst v. Smith,* 968 F.3d 871, 876 (8th Cir. 2020) (quoting *McGuire v. Cooper,* 952 F.3d 918, 922 (8th Cir. 2020)). Thus, "[a] government official is entitled to

---

[2] *See* NECivR 56.1(b)(1):
> The party opposing a summary judgment motion should include in its brief a concise response to the moving party's statement of material facts. The response should address each numbered paragraph in the movant's statement and, in the case of any disagreement, contain pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials upon which the opposing party relies. <u>Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response.</u>

qualified immunity unless (1) the official violated a plaintiff's constitutional right and (2) that right was clearly established at the time of the violation." *Wallace v. City of Alexander*, 843 F.3d 763, 768 (8th Cir. 2016) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). "To overcome a defendant's claim of qualified immunity, the burden falls on the plaintiff to show: '(1) the facts, viewed in the light most favorable to the plaintiff[], demonstrate[s] the deprivation of a constitutional right; and (2) the right was clearly established at the time of the deprivation.'" *Gilmore v. City of Minneapolis*, 837 F.3d 827, 832 (8th Cir. 2016) (quoting *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1155 (8th Cir. 2014)). Qualified immunity must be granted unless the plaintiff can show both of the foregoing elements. *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015). Courts may use their discretion in deciding which of the two foregoing inquiries to analyze first. *Pearson*, 555 U.S. at 236.

Polak claims Laney violated his Fourth Amendment right to be free from excessive force when Laney used force to effect Polak's arrest. However, Polak failed to present a genuine issue of material fact that Laney violated any constitutional right.

When evaluating a Fourth Amendment excessive force claim under § 1983, the Court considers "whether the amount of force used was objectively reasonable under the particular circumstances." *Kohorst*, 968 F.3d at 876 (quoting *Michael v. Trevena*, 899 F.3d 528, 532 (8th Cir. 2018)). The objective reasonableness of an officer's conduct when arresting a suspect depends on the facts and circumstances of the specific case, including "the crime's severity, the suspect's dangerousness, and the likelihood that the suspect will flee." *Rohrbough v. Hall*, 586 F.3d 582, 587 (8th Cir. 2009) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)). "A court may also evaluate the extent of the suspect's injuries." *Rohrbough*, 586 F.3d at 586. An officer is entitled to use the force necessary to effect the arrest. *Ehlers v. City of Rapid City*, 846 F.3d 1002, 1011 (8th

5

Cir. 2017). "An officer's use of force violates the Fourth Amendment when it is objectively unreasonable, given the facts and circumstances of the particular case, as 'judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Chambers v. Pennycook*, 641 F.3d 898, 905–06 (8th Cir. 2011) (quoting *Graham*, 490 U.S. at 396-97).

Viewing the admitted facts in a light most favorable to the non-moving party, the reasonableness factors support granting qualified immunity to Laney.

First, the severity of the crime alleged and danger posed by Polak favors finding that the force used was reasonable. When evaluating the danger posed, law enforcement may consider the arrestee's criminal history and whether the crime alleged was a potentially violent offense. *See Procknow v. Curry*, 826 F.3d 1009, 1014 (8th Cir. 2016). Officers testified that they knew Polak had an extensive criminal history that included a prior felony conviction for controlled substance and multiple dismissed charges for assault, use of a gun to commit felony, and homicide. Eben Jones Decl., Filing 85-2 at 2. The warrant also included a charge for domestic assault. Accordingly, the severity and nature of the crime and Polak's criminal history justified some use of force.

Additionally, the nature of Polak's resistance justified the use of force. The Eighth Circuit has specifically "determined that an officer may interpret a suspect laying on his stomach with his hands underneath him and refusing to give his hands to officers as resistance." *Kohorst*, 968 F.3d at 878. In *Procknow v. Curry*, 826 F.3d 1009, 1014 (8th Cir. 2016), the Eighth Circuit concluded that such resistance justified the use of force because "a person lying on the ground could turn and direct a weapon toward [the officer] in seconds." In this case, Polak resisted commands by laying on his stomach with his hands underneath him and refused to give his hands to officers. Officers were justified to use some force to remove Polak's hands and eliminate the potential danger. The

evidence demonstrates that Laney and other officers used only the force necessary to place Polak in handcuffs. Accordingly, this factor demonstrates that officers used reasonable force to eliminate danger to themselves and apprehend Polak.

Second, the flight risk posed by Polak was significantly in favor of finding the force used reasonable. "When an arrestee flees or resists, some use of force by the police is reasonable." *Awnings v. Fullerton*, 912 F.3d 1089, 1100 (8th Cir. 2019) (quotation omitted). One of the bases for the arrest warrant was using a vehicle to evade arrest, and the officers chose to wait until Polak was inside the garage to minimize his opportunity to flee. Further, because of the crime alleged and Polak's resistance to commands, officers had an objectively reasonable belief that absent some use of force was necessary. The unrefuted evidence shows that officers did not strike or kick Polak and that they used only the force necessary to prevent Polak from fleeing arrest. Accordingly, this factor favors a finding that the use of force was reasonable.

Lastly, a court may also evaluate the extent of a suspect's injuries in determining the reasonableness of the force used. *See Awnings v. Fullerton*, 912 F.3d at 1098. To demonstrate that his injuries support a finding of unreasonable use of force, Polak "may not merely point to unsupported self-serving allegations, 'but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor.'" *Id.* (quoting *Davidson & Assocs. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005). A lack of medical evidence to establish severity of injury or causation is fatal to a plaintiff's claim based on severity of injury. *Id.* at 1099. Polak did not submit any evidence or facts regarding injuries suffered as a result of the arrest. Additionally, the partial video shows that Polak was able to walk without assistance or appearance of injury shortly following the arrest. The officers on scene, including Laney, used only the force necessary to be able to handcuff Polak following his resistance. Viewing the undisputed evidence in the light most

7

favorable to Polak, the reasonableness factors show that the force used to affect the arrest was objectively reasonable.[3] Polak has not shown that Laney violated Polak's constitutional rights, thus Laney is entitled to qualified immunity.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment is granted and Plaintiff's Objection is overruled. Accordingly

IT IS ORDERED:

1. Defendant's Motion for Summary Judgment, Filing 84, is granted;

2. Plaintiff's Objection to Summary Judgment, Filing 93, is overruled;

3. This case is dismissed with prejudice; and

4. A separate judgment will be entered.

Dated this 29th day of October, 2020.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

---

[3] Polak failed to show his constitutional rights were violated. Therefore, the Court need not consider whether the right was clearly established.